**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No.  16-cv-2849

CARLOS JURADO

Plaintiff,

v.

OFFICER MARTIN TRITSCHLER, in his individual capacity,
OFFICER BRUCE KAY, in his individual capacity,
OFFICER JEFF DiMANNA, in his individual capacity,
OFFICER ERNEST SANDOVAL, in his individual capacity,
OFFICER JEREMY McCONNEL, in his individual capacity,
OFFICER NICOLAS HASSMAN, in his individual capacity,
and
CITY AND COUNTY OF DENVER, COLORADO, a home-rule municipality,

Defendants.

---

**COMPLAINT AND JURY DEMAND**

---

Plaintiff, above-named, by and through her counsel, Lonn M. Heymann of Lonn Heymann Law Firm, P.C., for her Complaint and Jury Demand, hereby alleges as follows:

**INTRODUCTION**

1.      This is a police excessive force case. Carlos Jurado (herein referred to as "Plaintiff" or "Mr. Jurado") seeks damages, declaratory relief, and injunctive relief to remedy the deprivation of her civil rights.

2.      Under color of state law, Denver Police Department Officers by Martin Tritschler, Bruce Kay, Jeff DiManna, Ernest Sandoval, Nicolas Hassman, and Jeremy

1

McConnell (herein referred to collectively as the "Denver Police Department Officers") and the City and County of Denver itself violated Mr. Jurado's Fourth Amendment right under the United States Constitution to be free from unreasonable search and seizure.

## JURISDICTION AND VENUE

3.    This action arises under the Constitution of the United States, 42 U.S.C. § 1983. Jurisdiction is proper pursuant to 28 U.S.C. § 1331.

4.    Venue is proper in the United States District Court for the District of Colorado because the incidents and resultant injuries to Plaintiff giving rise to this action occurred in the State of Colorado.

## PARTIES AND OTHER ACTORS

5.    Each Denver Police Department Officer is a resident of the State of Colorado.

6.    Each Denver Police Department Officer is an employee of the Denver Police Department and acted under color of law.

7.    The Denver Police Department Officers are sued in their individual capacity. Each is a "person" per 42 U.S.C. § 1983.

8.    The City and County of Denver is a home-rule city and includes the Denver Police Department. The City and County of Denver is a "person" per 42 U.S.C. § 1983.

## FACTUAL BACKGROUND

9.    On or about November 20, 2014, Mr. Jurado was the passenger in a black Ford F-150. Denver Police Department Officers chased and trapped the Ford F-150 in a

2

tractor trailer park in Commerce City, Colorado. Officers exited their patrol units and commanded the occupants of the Ford F-150 to raise their hands. Mr. Jurado raised his hands. At no point did Mr. Jurado commit a crime. There was no reasonable basis to believe that he had committed a crime. He was never charged with a crime. But, while Mr. Jurado was sitting in the front passenger seat of the Ford F-150, Officer Kay broke the front passenger window of the Ford F-150. Then, from the passenger side of the vehicle, Officer Tritscher shot at least twice at Mr. Jurado. Mr. Jurado was shot twice and suffered serious bodily injury. On information and belief, three shots were fired. Nearly all officers, on information and belief, had their service weapons drawn at the time of the three shots.

10.     There were three Denver Patrol units that pursued the black Ford F-150. One Denver patrol unit was occupied by Officer Ernest Sandoval and Officer Jeff DiManna. Another Denver patrol unit was occupied by Officer Martin Tritschler and Officer Jeremy McConnell. A third Denver patrol unit was occupied by Officer Bruce Kay and Officer Nicolas Hassman.

11.     When the patrol units stopped in the vicinity of the Ford F-150, the Denver Police Department Officers exited their vehicles. Officers Sandoval and DiManna positioned their patrol unit immediately behind the trapped Ford F-150. The officers purportedly positioned themselves immediately between the back of the Ford F-150 and the front of their patrol unit. These officers were either trained to do this per Denver Police Department Policy or there was a failure to train the officers to avoid a situation creating such obvious risk of harm to the officers, thus causing their use of deadly force.

3

12.     The front passenger window, back passenger window, and driver's side back window were broken. Officer Tritschler and Officer Kay were on the passenger side of the car when Officer Kay broke the front passenger window and Officer Tritschler discharged his weapon. Accordingly, the third gun-shot, if not from Officer Tritschler, could have come from one of the other four officers.

13.     At the time of this incident the Denver Police Department had either an unconstitutional custom, policy, or practice directing officers to position themselves in a manner that would inevitably cause the use of deadly force against the non-suspect passenger in a vehicle or the Denver Police Department failed to train the Defendant Denver Police Department Officers to avoid the use of such excessive force. The City and County of Denver, through the Denver Police Department, was the moving force of Plaintiff's injuries.

14.     Plaintiff suffered damages proximately caused by Officer Martin Tritschler and Officer Bruce Kay, as well as Officer Jeff DiManna, Officer Jeremy McConnell, Officer Ernest Sandoval, and Officer Nicolas Hassman. All Denver Police Department Officers caused the circumstances that resulted in the use of excessive force against Plaintiff Carlos Jurado. Given that there were three gunshots and according to Officer Tritschler he might have discharged only two bullets from his weapon, the third bullet would have been discharged from the weapon of one of the other officers.

15.     Plaintiff seeks compensation for his pain and suffering, emotional distress, loss of enjoyment of life, and economic damages.

**FIRST CLAIM FOR RELIEF**
*(42 U.S.C. § 1983 Fourth Amendment Violation* – **Excessive Force)**

4

**(Against All Defendant Police Department Officers)**

16.    Plaintiff hereby incorporates by reference, as though fully set forth herein, each and every allegation contained in the preceding Paragraphs 1 through 15 of this complaint.

17.    At all times relevant to these allegations, Defendant Officers, under color of state law, acted intentionally.

18.    Defendant Officers' actions restrained Mr. Jurado's freedom in an objectively unreasonable manner in light of the facts and circumstances by means of excessive physical force.

19.    The acts and omissions of the Defendant Officers who were involved with the incident deprived Mr. Jurado of the right to be secure in his person against unreasonable seizure, as guaranteed by the Fourth Amendment to the United States Constitution, and made actionable pursuant to 42 U.S.C. §1983.

20.    Defendant Officers' conduct proximately caused constitutional injuries and resulted in damages to Mr. Jurado, as alleged in paragraph 15 above.

### SECOND CLAIM FOR RELIEF
**Unconstitutional Failure to Train - *Monell* Claim**
**Pursuant to 42 U.S.C. § 1983**
*(Against the City and County of Denver, Colorado)*

21.    Plaintiff hereby incorporates by reference, as though fully set forth herein, each and every allegation contained in the preceding Paragraphs 1 through 20 of this Complaint.

22.    Defendant City and County of Denver failed to adequately train employees of the Denver Police Department with respect to circumstances arising in this

case, confronting a suspect in the driver's seat of a car that has stopped, as well as a situation in which there is a non-suspect passenger of a vehicle who is at risk of harm when force is used.

23.    Defendant City and County of Denver's failure to train or absence of policy was the moving force of the deprivations of Plaintiff's civil rights.

24.    Plaintiff seeks damages as stated in paragraph 15 above, as well as injunctive and declaratory relief against the City and County of Denver to change policies and training.

**WHEREFORE**, Plaintiff respectfully prays that this Court enter judgment in its favor and against the Defendants for damages, injunctive, and declaratory relief as appropriate, as referenced above in paragraphs 15 and 24 above, for costs, expert witness fees, and reasonable attorney fees as allowed by statute or as otherwise allowed by law, and for any other and further relief that this Court shall deem just and proper.

**PLAINTIFF DEMANDS TRIAL TO
A JURY ON ALL ISSUES SO TRIABLE.**

Respectfully submitted this 20th day of November, 2016.

LONN HEYMANN LAW FIRM, P.C.

***s/ Lonn M. Heymann***
Lonn M. Heymann
Lonn Heymann Law Firm, P.C.
2701 Lawrence Street, Suite 114
Denver, CO 80205
Mailing Address:
P.O. Box 200818
Denver, CO  80220
O: 303-825-9100
Lonn@HeymannLegal.com
*Attorney for Plaintiff Carlos Jurado*