Case No. 16-cv-02849-RM-MJW

CARLOS JURADO,

      Plaintiff,

v.

MARTIN TRITSCHLER, *et al.*,

      Defendants.

_____

## ORDER

_____

This matter comes before the Court with the filing of defendants', Officer Martin Tritschler ("Tritschler"), Officer Bruce Kay, Officer Jeff DiManna, Officer Ernest Sandoval, Officer Jeremy McConnell, Officer Nicolas Hassman (collectively, the "officer defendants"), and the City and County of Denver ("Denver", and, with the officer defendants, "defendants"), motion to dismiss amended complaint ("the motion to dismiss"). (ECF No. 48.) Plaintiff Carlos Jurado ("plaintiff") did not file a response to the motion to dismiss.

In his Amended Complaint, plaintiff raised two claims: (1) excessive force under the Fourth Amendment against the officer defendants in violation of 42 U.S.C. § 1983 ("§ 1983"); and (2) municipal liability against Denver for its alleged failure to train and having unconstitutionally faulty practices and procedures. (ECF No. 39.) In their motion to dismiss, defendants raised qualified immunity with respect to the excessive force claim, arguing that the excessive force claim should be dismissed against Tritschler because he did not seize plaintiff for purposes of the Fourth

Amendment, and the claim should be dismissed against the remaining officer defendants because plaintiff failed to allege their personal participation in any alleged violation. (ECF No. 48 at 5-10.) Defendants argued that the municipal liability claim should be dismissed because Denver's policies and practices were not unconstitutional, and plaintiff's allegations do not demonstrate an inadequacy in Denver's training and supervision. (*Id*. at 10-19.)

**1.      Officer Tritschler**

Defendants' arguments with respect to Tritschler are all premised upon the Court considering what appears to be an uncertified transcript of an interview Tritschler took part in at some point potentially after the events alleged in the Amended Complaint. Although no objection has been raised to the authenticity of the transcript, the Court cannot consider it. In this Circuit, a court may consider a document outside the pleadings at the motion-to-dismiss stage if the document is referred to in the complaint, central to the plaintiff's claim, and the parties do not dispute the document's authenticity. *Alvarado v. KOB-TV, LLC*, 493 F.3d 1210, 1215 (10th Cir. 2007). Here, the Court simply cannot say that the transcript attached to the motion to dismiss is referenced in the Amended Complaint. For sure, in the Amended Complaint, plaintiff references Tritschler's "report" and Tritschler's "statement," but those vague references to extraneous information certainly do not mean that plaintiff was referencing the interview contained in the transcript.

As a result, the Court will not consider the transcript for purposes of the motion to dismiss. Instead, because all of defendants' arguments are premised upon the transcript, the Court will deny in part the motion to dismiss with respect to Tritschler and convert that part of the motion to dismiss to a motion for summary judgment pursuant to Fed.R.Civ.P. 56. In doing so, the Court will provide plaintiff two (2) weeks from entry of this Order to explain why the Court should not consider all

information submitted, including the transcript of Tritschler's interview, in ruling on the now converted motion for summary judgment as it relates to the excessive force claim against Tritschler. Should plaintiff fail to respond within two (2) weeks from entry of this Order, the Court will consider the record complete and rule on the motion for summary judgment. *See* Fed.R.Civ.P. 12(d) (explaining that, when matters outside the pleadings are presented, all parties must be given a reasonable opportunity to present all material that is pertinent).

**2.     The Remaining Officer Defendants**

The Court agrees with defendants that plaintiff has failed to allege the remaining officer defendants' personal participation in any of the alleged excessive force used against plaintiff. "Individual liability under § 1983 must be based on personal involvement in the alleged constitutional violation." *Foote v. Spiegel*, 118 F.3d 1416, 1423 (10th Cir. 1997). Here, plaintiff alleges excessive force in that he was shot twice while in a vehicle. (ECF No. 39 at ¶ 12.) Plaintiff alleges that three bullet shells were found in the vehicle, but Tritschler may have only fired two of the shells. (*Id*.) Plaintiff then speculates that, because Tritschler may not have fired all of the bullets, at least one of the bullets may have come from one of the remaining officer defendants. (*See id*.) Speculation, however, does not make a § 1983 cake. *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, 127 S.Ct. 1955 (2007) ("Factual allegations must be enough to raise a right to relief above the speculative level"); *Myers v. Jackson*, 505 F. App'x 795, 796 (10th Cir. 2012) (applying *Twombly* to a plaintiff's claim of excessive force under § 1983); *Berglund v. Pottawatomie Cnty. Bd. of Cnty. Comm'rs*, 350 F. App'x 265, 271 (10th Cir. 2009) (explaining that a plaintiff's speculation did not amount to evidence of the defendants' personal participation in the alleged conduct). Ultimately, the Court cannot plausibly find that a specific one of the remaining officer defendants

3

fired a bullet that hit plaintiff, when plaintiff only speculates that one of them (but not which one) may have fired a bullet.

As a result, the Court grants the motion to dismiss with respect to the excessive force claim against the officer defendants other than Tritschler.

### 3.    The City and County of Denver

The Court agrees with defendants that plaintiff has failed to allege a plausible municipal liability claim against Denver.  To establish municipal liability, a plaintiff must show the existence of a municipal policy or custom, and a direct causal link between the policy or custom and the injury alleged.  *Bryson v. City of Oklahoma*, 627 F.3d 784, 788 (10th Cir. 2010).  A municipal policy or custom may take the form of a formal regulation, an informal custom amounting to a widespread practice, decisions of employees with final policymaking authority, the ratification of subordinates by final policymakers, or the failure to adequately train or supervise employees so long as the failure results from deliberate indifference to injuries that may be caused.  *Id*.

Here, plaintiff alleges that Denver has received an "enormous amount of bad press" over the use of excessive force, this case is one example of a string of cases showing a "shoot first" culture,[1] a news report in 2014 found that Denver had the second highest rate of death caused by law enforcement in the country, Denver's firearm discharge policy did not define "imminent threat" and stated that warnings should be given "when feasible," because Denver's firearm policy is deficient it is reasonable to conclude that its training is also deficient, the time spent alarming officers to potential threats far eclipses training on how the officers' conduct could harm others, and Denver

---

[1] The Court agrees with defendants that plaintiff's recitation of cases showing a "string" appears to have been copied and pasted from a different case.  (*See* ECF No. 48 at 12 n.4.)

has "routinely condoned" the behavior of its officers involved in excessive force incidents. (ECF No. 39 at ¶¶ 13-21.) Plaintiff points to an unconstitutional practice of failing to prohibit officers from firing as soon as a vehicle moves, even in the absence of an imminent threat, as well as a practice of directing officers to position themselves in a way that would "inevitably" cause the use of deadly force. (*Id* at ¶¶ 22-23.)

Plaintiff, though, given that no response was filed to the motion to dismiss, fails to explain how those alleged practices are unconstitutional. The Court will not do this work for plaintiff. In addition, plaintiff fails to explain how all of the alleged instances of bad conduct in Denver's past relate to the alleged practices. Moreover, in light of plaintiff's failure to respond, the Court finds no reason not to accept defendants' arguments as to why these alleged practices are not unconstitutional. (*See* ECF No. 48 at 12-13.) As for plaintiff's purported reliance on a failure to train, the Court agrees with defendants that plaintiff has failed to identify how Denver's training is inadequate. (*See id*. at 15-16.) Plaintiff also fails to explain how Denver's training represents deliberate indifference to injuries that may be caused by it. Again, the Court will not do this work for plaintiff.

As a result, the Court grants the motion to dismiss with respect to the municipal liability claim against Denver.

4.      **Conclusion**

Accordingly, for the reasons discussed herein, the Court:

(a)      DENIES IN PART and GRANTS IN PART the motion to dismiss (ECF No. 48) as

follows:

(i)     The motion to dismiss is DENIED and CONVERTED to a motion for summary judgment with respect to the excessive force claim against Officer Tritschler;

(ii)    The motion to dismiss is GRANTED with respect to the excessive force claim against Officer Kay, Officer DiManna, Officer Sandoval, Officer McConnell, and Officer Hassman; and

(iii)   The motion to dismiss is GRANTED with respect to the municipal liability claim against the City and County of Denver.

Plaintiff shall have two (2) weeks from entry of this Order to explain why the Court should not consider all information submitted, including the transcript of Tritschler's interview, in ruling on the now converted motion for summary judgment as it relates to the excessive force claim against Tritschler. Should plaintiff fail to respond within two (2) weeks from entry of this Order, the Court will consider the record complete and rule on the motion for summary judgment.

**SO ORDERED.**

DATED this 2nd day of April, 2018, *nunc pro tunc* to the 28th day of March, 2018.

BY THE COURT:

_____
RAYMOND P. MOORE
United States District Judge